UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO IRIARTE SALCEDO,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-02928-GJL

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Mario Iriarte Salcedo's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner, through counsel, argues his detention at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") is in violation of 8 U.S.C. § 1254a and the declaratory judgment order in *National TPS Alliance ("NTPSA") v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025) (herein after "December 10th Order"). *Id.*[1] Respondents to the Petition include Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Markwayne Mullin (the

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3. Further, the undersigned enters the following Order without requiring a reply from Petitioner.

Department of Homeland Security ("DHS") Secretary), the DHS, Todd Blanche (U.S. Attorney General), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").

In their Return, Respondents acknowledge that another court in this District, presented with similar evidence, concluded that a Petitioner had met her burden of establishing NTPSA membership and was therefore protected by the December 10th Order. Dkt. 5 at 8 (citing *Rozo v. Hernandez*, No. 2:26-cv-00692-JHC, 2026 WL 746580, at *1 (W.D. Wash. Mar. 17, 2026)). Respondents further acknowledge that, if the Court likewise determines that Petitioner is an NTPSA member, he is a party to the December 10 Order. *Id.*

What Respondents do not acknowledge, but what naturally follows from their concessions is that, as a party to the December 10th Order, Petitioner remains in valid TPS status and his detention is prohibited by 8 U.S.C.A. § 1254a ("[A noncitizen] provided temporary protected status under this section ***shall not be detained*** by the Attorney General on the basis of the [noncitizen]'s immigration status in the United States." (emphasis added)).

Indeed, like the petitioner in *Rozo*, Petitioner has demonstrated NTPSA membership bringing him under the protection of the December 10th Order and entitling him to habeas relief. In particular, Petitioner submits evidence showing that he is a recipient of Venezuela's 2023 TPS designation, Dkt. 1-2, and has submitted an email dated August 11, 2026, confirming that an individual with his name, "Mario Iriarte Salcedo," is a member in good standing with the NTPSA, Dkt. 1-4. Curiously, Respondents do not rebut Petitioner's evidence but nevertheless oppose the grant of habeas relief in this case. *See* Dkt. 5.

Respondents' position is troubling. Although they state that they have "no way to independently confirm" Petitioner's NTPSA membership, they acknowledge that materially similar evidence was found sufficient to establish NTPSA membership in *Rozo* and that membership would render Petitioner protected by the December 10th Order. Dkt. 5 at 8. Yet

Respondents identify no effort to investigate or verify Petitioner's membership after receiving his evidence and instead oppose habeas relief while continuing to detain him. Given the liberty interest at stake and Respondents' obligation to comply with both the December 10th Order and 8 U.S.C. § 1254a, the Court finds this approach deeply concerning. *See Rozo*, 2026 WL 746580, at *1 (likewise noting "it is deeply concerned" regarding Respondents' failure to, among other things, "take all necessary steps to ensure compliance with a binding court order— the December 10[th] Order").

In sum, the Court concludes that Petitioner is an NTPSA class member protected by the December 10th Order and, on that basis, Petitioner has shown by a preponderance of the evidence that he "is in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. 28 U.S.C. § 2241(c).[2]

Accordingly, the Court **ORDERS** as follows:

(1) The Petition (Dkt. 1) is **GRANTED IN PART;**

(2) Respondents **SHALL** immediately release Petitioner Mario Iriarte from custody on the same conditions as his prior release, if any, unless Respondents determine that less restrictive conditions are appropriate;

(3) Upon release, Respondents **MUST** return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents;

(4) Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release; and

(5) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT** re-detain Petitioner in connection with his immigration status while the December 10th Order remains in effect.

[2] Because the Court concludes that Petitioner's detention violates 8 U.S.C. § 1254a and grants habeas relief on that basis, the Court declines to reach Petitioner's alternative argument that his re-detention without prior notice or a hearing violated his right to due process. *See* Dkt. 1 at 23.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 8th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge